# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
5/27/2020 11:21 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**CLARK NEWBERRY LAW FIRM**
Tara Clark Newberry, Esq. (SBN: 10696)
tnewberry@cnlawlv.com
810 S. Durango Drive, Suite 102
Las Vegas, NV 89145
Telephone: (702) 608-4232
Facsimile: (702) 946-1380
*Attorneys for Plaintiff*

CASE NO: A-20-815552-C
Department 32

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| THOMAS R. LAYTON, an individual, | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| vs. | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SPECIALIZED LOAN SERVICING, LLC, a Delaware limited liability company d/b/a SLS, | Arbitration Exemption Claimed: 1. Class Action 2. Action Seeking Extraordinary Relief |
| Defendant. | |

Plaintiff, THOMAS R. LAYTON, an individual ("Mr. Layton" or "Class Representative"), on behalf of himself and all others similarly situated, files this Complaint for Damages and Extraordinary Relief against Defendant, SPECIALIZED LOAN SERVICING, LLC d/b/a SLS ("SLS"), and alleges the following:

**INTRODUCTION**

1. This action seeks injunctive and monetary relief to redress an unlawful and deceptive pattern of wrongdoing followed by SLS with respect to the servicing of mortgage loans of consumers in the State of Nevada.

2. As more particularly described below, SLS is an abusive loan servicer that fails to credit payments timely, and improperly assesses late fees in an attempt to collect illegal fees and create unnecessarily high defaults on the home loans of borrowers.

1

3. The Class Representative brings this action on behalf of himself and a class of all other similarly situated Nevada consumers to prevent the Defendant from needlessly collecting improper fees and illegally placing their home loans into default and possible foreclosure by its unlawful conduct.

## PARTIES

4. At all times material hereto, the Class Representative, Thomas R. Layton, an individual (hereinafter "Plaintiff" or "Class Representative"), at all times relevant has been and remains a resident of the State of Nevada and at all times pertinent hereto, in Clark County, Nevada.

5. At all times material hereto, Specialized Loan Servicing, Inc. ("SLS") is a residential mortgage company and loan servicer having its principal place of business at 8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado 80129. SLS is the servicer of the mortgage loan that is the subject to this action and on information and belief is the current holder of the Plaintiff's loan.

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to Nev. Const. art. VI, § 6, as this Court has original jurisdiction in all cases not assigned to the justices' courts.

7. This Court has jurisdiction over this matter pursuant to Nevada's Long Arm Statute, NRS 14.065. Nonresident Defendant SLS availed itself of opportunities to conduct business in the State of Nevada, establishing minimum contacts with the forum, and is therefore subject to personal jurisdiction in Nevada on claim(s) arising out of that contact.

8. Defendant SLS has committed sufficient acts or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting activities within the forum, thereby making exercise of jurisdiction over said Defendant just and proper.

## GENERAL ALLEGATIONS

9. In or about July 30, 2004, the Plaintiff purchased his current home located at 29

Myrtle Beach Drive, Henderson, Nevada 89074-6242 (the "Property").

10. On or about December 5, 2005, Plaintiff refinanced the Property which required monthly payments of interest only for the first 120 months, with an additional amount for escrowed taxes and insurance.

11. On or about December of 2013, the servicing of Plaintiff's loan was transferred from Bank of America, N.A. to Defendant SLS.

12. Thereafter, despite the fact the Plaintiff made regular monthly payments that were received by the Defendant on or before the 15th of each month, the Defendant routinely charged the Plaintiff an unwarranted late fee. Plaintiff sent all payments to the processing address directed by SLS before the grace period of 15 days expired and confirmed payment was delivered on or before the 15th calendar day of the month due. The Note states that a late payment will only be assessed when the payment is received *after* the 15th calendar day of the month.

13. Defendant SLS processing center did not credit the payment for being received on the date it was delivered, but rather would post the payment on the day after delivery or in most instances several days after delivery, triggering the application of a late fee by SLS.

14. To this day, the Defendant continues to demand payment of improperly assessed late fees reflected on loan statements. Plaintiff contacted SLS on numerous occasions in an attempt to remedy the improper late fees, however to date, SLS refuses to acknowledge the improper posting protocol of its processing center.

15. The Defendant has failed to credit payment against amounts due in a timely fashion, assessed improper late fees, and unnecessarily placed accounts in default.

16. Plaintiff's home is encumbered by a deed of trust executed on the Nevada Single Family- Fannie Mae/Freddie Mac Uniform Instrument form, dated December 5, 2005 ("Deed of Trust") which clearly defines that the payment is deemed received when received at the location

designated by the Lender for payments to be sent. The majority of homes in Nevada that are financed utilize the Fannie/Freddie approved form deed of trust.

## CLASS REPRESENTATION ALLEGATIONS

### *Statement of Maintainable Class Claims*

17. Pursuant to Rule 23(a), Nevada Rules of Civil Procedure, this is a case maintainable on a class-wide basis pursuant to Rule 23(b)(2) and (b)(3), Nevada Rules of Civil Procedure, and the Class Representative brings this action on behalf of himself and of a class of all other persons similarly situated, to remedy the ongoing unfair, unlawful, and/or deceptive business practices alleged herein, and seeks redress on behalf of all those persons who have been harmed thereby.

### *Identification of Common Questions of Law or Fact*

18. Pursuant to Rule 23(a)(2), Nevada Rules of Civil Procedure, there are questions of law and fact common to the Class, which common issues predominate over any issues involving owing individual class members.

19. The factual question common to the Class Representative and to each class member is that each has been subjected, or may be subjected, to the abusive loan servicing practices and activities described in Paragraphs 7 through 14 above.

### *Allegations of Typicality*

20. Pursuant to Rule 23(a)(3), Nevada Rules of Civil Procedure, the Class Representative's claim is typical of those of the class he seeks to represent in that the Class Representative has been subjected to the abusive loan servicing practices and activities of SLS described in Paragraphs 7 through 14 above. As such, the claim of the Class Representative is identical to that of the class members.

### *Allegations of Numerosity*

21. Based on the best due diligence and the experience of Class Counsel, the Class

4

Representative believes that SLS services at least 1000 accounts each year in the State of Nevada.

22. Based on the foregoing, the prospective class numbers are at least in the hundreds and are so numerous that joinder of all members would be impractical. The exact size of the proposed class and the identity of the members thereof are readily ascertainable from SLS's business records.

### *Definition of Class*

23. Pursuant to Rule 23, Nevada Rules of Civil Procedure, the class is composed of all Nevada residents who, in the four (4) years preceding the filing of the instant action had loans which were or are serviced by SLS.

### *Adequacy of Class Representative*

24. Pursuant to Rule 23(a)(4), Nevada Rules of Civil Procedure, the Class Representative will fairly and adequately protect and represent the interest of each class member. The Class Representative has retained counsel with experience in handling class actions in federal and state court.

25. The Class Representative has no conflicts of interest which would interfere with his ability to represent the interest of the class members.

### *Appropriateness of Hybrid Class Treatment Under Rule 23(b)(2) and (3)*

26. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against SLS.

27. The Class Representative is represented by counsel competent and experienced in

both consumer protection and class action litigation.

28. Members of the proposed class who have an interest in individually controlling the prosecution of separate claims against SLS will not be prejudiced by this action. Each member of the proposed class will be identified through discovery from SLS and will be notified and given an opportunity to opt out of the class.

29. The Class Representative does not presently know the nature and extent of any pending litigation to which a member of the proposed classes is a party and in which any question of law or fact controverted in the present action is to be adjudicated. The Class Representative will identify any such pending litigation by discovery from SLS.

30. This Court is an appropriate forum for the present action in that the Class Representative is, and at all times herein mentioned has been, a resident of this county; the Class Representative's loan account serviced by SLS encompasses real property purchased and financed in this county; and SLS does business in this county, including without limitation providing to residents of this county financing of mortgage loans

31. Certification of a class under Rule 23(b)(2), Nevada Rules of Civil Procedure is appropriate as SLS has acted on grounds generally applicable to the Class with respect to the abusive lending practices described in Paragraphs 1 through 14 above thereby making appropriate equitable relief with respect to the Class as a whole.  Unless restrained from such activities, SLS will continue to unlawfully harm the interests of the Class Representative and the class for which no adequate remedy at law exists.

32. Certification of a class under Rule 23, Nevada Rules of Civil Procedure is also appropriate in that:

(a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual class member; and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. The Class Representative requests certification of a "hybrid" class for monetary damages under Rule 23(b)(3) and for equitable relief under Rule 23(b)(2), Nevada Rules of Civil Procedure. *See, Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989, 994 (5th Cir.1981); *Agan v. Katzman & Korr, P.A.,* 222 F.R.D. 692 (S.D.Fla.2004).

34. There are no difficulties likely to be encountered by the Court in the management of this proposed class action.

35. The Class Representative's counsel is entitled to a reasonable fee from the class members or from a common fund for the handling of this action.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Breach of Contract

36. The Class Representative repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporate the same herein by reference.

37. The Deed of Trust specifically defines that a late fee cannot be assessed until after the 15 day grace period expires, and that a payment is deemed received when it is received at the location designated by the lender, not *when* it is posted to the account, however Defendant intentionally and routinely posted payments to Plaintiff and class members' accounts after the date it was received by Defendant triggering an improper late fee to be assessed and in breach of contract.

38. The Defendant routinely and intentionally breached the contractual terms of the Deed of Trust, by not applying the payment on the date it arrived at its payment processing center, thus prompting the assessment of late fees that were unwarranted. The Plaintiff and putative class

7

members are damaged by the Defendant's breach when the Defendant routinely charges unearned late fees and artificially places the accounts into default.

39. The Defendant's breach of contract is intentional, willful, wanton and/or reckless.

40. As a direct and proximate result of the acts hereinabove alleged and SLS's on-going unlawful conduct, the Class Representative and class members have been damaged and have suffered economic losses in an amount to be proven at trial but in excess of $15,000.

## SECOND CAUSE OF ACTION
### Breach of Duty of Good Faith and Fair Dealing

41. Implied in every contract is a duty of good faith and fair dealing which prohibits either party from taking such action that denies the other party the benefits of the contract.

42. The Defendant routinely breaches its duty of good faith and fair dealing to the Plaintiff by engaging in the following conduct:

    (a) failing to credit timely payments by the Plaintiff;

    (b) charging late fees to the Plaintiff when payments were received on time; and.

43. The Plaintiff is damaged by the Defendant's breach of its duty of good faith and fair dealing when the Defendant routinely charges unearned late fees and artificially places the accounts into default.

44. The Defendant's breach of its duty of good faith is intentional, willful, wanton and/or reckless.

45. As a direct and proximate result of the acts hereinabove alleged and SLS's on-going unlawful conduct, Plaintiff has been damaged and has suffered economic losses in an amount to be proven at trial, but in excess of $15,000.

/////

8

### THIRD CAUSE OF ACTION
### Restitution and Unjust Enrichment

46. The Class Representative repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporate the same herein by reference.

47. By paying late fees that were not owed, Plaintiff and the members of the putative class conferred a benefit of illegally collected charges upon Defendant.

48. Defendant accepted the benefits conferred upon Defendant by Plaintiff and the members of the putative class.

49. Defendants' collection, acceptance and retention of these charges, when Defendant was not entitled to the charges as a matter of law, is and was and continues to be unjust and inequitable, and Defendant has not refunded the charges to Plaintiff and the members of the putative class.

50. Defendants should not be permitted to retain the benefits of those illegal charges. The continued withholding of the illegal charges is improper.

51. Plaintiff and the members of the putative class conferred these unjust benefits upon Defendant after and as a result of Defendant's misconduct as set forth herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Thomas R. Layton, an individual prays for judgment against Defendant, on behalf of himself and all others similarly situated as follows:

1. For an order certifying this claim as a class action;

2. For an order preliminarily and permanently enjoining Defendant from charging late fees when the payment arrives on or before the grace period expires;

3. For an order that the Defendant return all improperly assessed late fees to the Plaintiff and members of the class, and to correct all life of loan payment histories

9

for each account;

4. For an award of actual damages in excess of $15,000;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law;

7. For a reasonable fee for the Class Representative for his services herein; and,

8. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Thomas R. Layton, an individual, pursuant to the Nevada Rules of Civil Procedure, demands a trial by jury of all issues so triable.

DATED this 27th day of May 2020.

CLARK NEWBERRY LAW FIRM

*/s/ Tara Clark Newberry*
TARA CLARK NEWBERRY, ESQ.
Nevada Bar No. 10696
810 S. Durango Drive, Suite 102
Las Vegas, NV 89145
*Attorney for Plaintiff*