**CLARK NEWBERRY LAW FIRM**
Aimee Clark Newberry, Esq. (SBN: 11084)
aclarknewberry@cnlawlv.com
810 S. Durango Drive, Suite 102
Las Vegas, NV 89145
Telephone: (702) 608-4232
Facsimile: (702) 946-1380

**GOMEZ TRIAL ATTORNEYS**
Deborah S. Dixon (CA SBN: 248965)
ddixon@thegomezfirm.com
655 W. Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
(*Admitted Pro Hac Vice*)

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS R. LAYTON, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> SPECIALIZED LOAN SERVICING, LLC, a Delaware limited liability company d/b/a SLS, <br><br> Defendant. | CASE NO.: 2:20-cv-01225-JAD-EJY <br><br> **FIRST AMENDED COMPLAINT** <br><br> Arbitration Exemption: <br> 1) Class Action <br> 2) Action Seeking Extraordinary Relief |

Plaintiff, THOMAS R. LAYTON, an individual ("Mr. Layton" or "Class Representative"), on behalf of himself and all others similarly situated, files this Amended Complaint for Damages and Extraordinary Relief against Defendant, SPECIALIZED LOAN SERVICING, LLC d/b/a SLS ("SLS"), and alleges the following:

### INTRODUCTION

1. This action seeks injunctive and monetary relief to redress an unlawful and deceptive pattern of wrongdoing followed by SLS with respect to the servicing of the mortgage loans of consumers

1

in the State of Nevada.

2. As more particularly described below, SLS is a loan servicer that fails to credit payments timely, and improperly assesses late fees in an attempt to collect illegal fees and create unnecessarily high defaults on the home loans of borrowers.

3. The Class Representative brings this action on behalf of himself and a class of all other similarly situated national consumers, including Nevada consumers, to prevent SLS from needlessly collecting improper fees and illegally placing their home loans into default and possible foreclosure by its unlawful conduct.

4. The Class Representative brings this action to secure redress for improper mortgage servicing practices, in violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), 12 C.F.R. sections 1024 and 1026, and under breach of contract claims. Defendant, as a matter of standard practice, refuses to credit payments as of the date of receipt, as required by federal provisions intended to curb abuse by mortgage servicers such as SLS.

**PARTIES**

5. At all times material hereto, the Class Representative, Thomas R. Layton, an individual (hereinafter "Plaintiff" or "Class Representative"), at all times relevant has been and remains a resident of the State of Nevada and at all times pertinent hereto, in Clark County, Nevada.

6. At all times material hereto, Specialized Loan Servicing, Inc. ("SLS") is a residential mortgage company and loan servicer having its principal place of business as 8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado 80129. SLS is the servicer of the mortgage loan that is the subject of this action and on information and belief is the current holder of the Plaintiff's loan.

**JURISDICTION**

7. Defendant removed to Federal Court. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2), as amended by the Class Action Fairness Act of 2005, because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which some members of the Class of plaintiffs are citizens of states different than defendants. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because many of the acts

1  and transactions, including the purchases and sales giving rise to this action, occurred in this district and
2  because Defendant (i) is authorized to conduct business in this district, (ii) has intentionally availed itself
3  of the laws and markets within this district through the promotion, marketing, distribution and sale of its
4  products in this district; (iii) does substantial business in this district; (iv) advertises to consumers
5  residing in this district; and (v) are subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

7   9.   In or about July 30, 2004, the Plaintiff purchased his current home located at 29 Myrtle
8  Beach Drive, Henderson, Nevada 89074-6242 (the "Property").

9   10.   On or about December 5, 2005, Plaintiff refinanced the Property, which required monthly
10 payments of interest only for the first 120 months, with an additional amount for escrowed taxes and
11 insurance.

12  11.   On or about December of 2013, the servicing of Plaintiff's loan was transferred from
13 Bank of America, N.A. to Defendant SLS.

14  12.   Thereafter, despite the fact the Plaintiff made regular monthly payments that were
15 received by the Defendant on or before the 15th of each month, the Defendant routinely charged the
16 Plaintiff an unwarranted late fee.  Plaintiff sent all payments to the processing address directed by SLS
17 before the grace period of 15 days expired and confirmed payment was delivered on or before the 15th
18 calendar day of the month due.  The applicable Notes state that a late payment will only be assessed
19 when the payment is received *after* the 15th calendar day of the month.

20  13.   Defendant SLS processing center did not credit the payment for being received on the date
21 it was delivered, but rather would post the payment on the day after delivery or in most instances several
22 days after delivery, triggering the application of a late fee by SLS.

23  14.   To this day, the Defendant continues to demand payment of improperly assessed late fees
24 reflected on loan statements.  Plaintiff contacted SLS on numerous occasions in an attempt to remedy the
25 improper late fees, however to date, SLS refuses to acknowledge the improper posting protocol of its
26 processing center.

27  15.   Defendant has failed to credit payment against amounts due in a timely fashion, assessed
28 improper late fees, and unnecessarily placed accounts in default.

16. Plaintiff's home is encumbered by a deed of trust executed on the Nevada Single Family-Fannie Mae/Freddie Mac Uniform Instrument Form, dated December 5, 2005 ("Deed of Trust") which clearly defines that the payment is deemed received when received at the location designated by the lender for payments to be sent. The majority of homes in Nevada that are financed utilize the Fannie/Freddie approved form deed of trust.

## CLASS ALLEGATIONS

17. Class Representative brings this class action for damages and injunctive relief on behalf of the following class:

> All residents in the United States who, in the four (4) years preceding the filing of the instant action had loans which were or are serviced by SLS and who were improperly charged late fees or assessed penalties.

18. Class Representative alternatively brings this class action for damages and injunctive relief on behalf of the following class:

> Nevada residents who, in the four (4) years preceding the filing of the instant action had loans which were or are serviced by SLS and who were improperly charged late fees or assessed penalties.

19. Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is the Court, its staff and officers, and members of their immediate families.

20. Certification of Class Representative's claims for class-wide treatment is appropriate because he can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

21. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

22. **Numerosity of the Class (Federal Rule of Civil Procedure 23(a)(1))** – The members of the Class are so numerous that their individual joinder is impracticable. Class Representative is informed and believes that there are hundreds of thousands of borrowers in the class. Defendant removed this

action to this Court under CAFA acknowledging numerosity. Inasmuch as the class members may be identified through business records regularly maintained by Defendant and their employees and agents, and through the media, the number of identities of class members can be ascertained. Members of the Class can be notified of the pending action by e-mail, mail, and supplemented by published notice, if necessary.

23. **Commonality and Predominance (Federal Rule of Civil Procedure 23(a)(2)** – There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual class members. These common legal and factual issues include, but are not limited to:

   a. Whether Defendant engaged in the conduct alleged herein;
   b. Whether Defendant improperly assessed late fees or penalties to its customers by failing to credit the customer for payment on the date received;
   c. Whether Defendant was unjustly enriched by their deceptive practices; and
   d. Whether Class Representative and members of the class are entitled to monetary, equitable or injunctive relief and, if so, in what amount.

24. **Typicality (Federal Rule of Civil Procedure 23(a)(3))** – The claims of the representative Plaintiff are typical of the claims of each member of the Class. Plaintiff, like all other members of the Class, has sustained damages arising from Defendant's violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are, similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Defendant.

25. **Adequacy (Federal Rule of Civil Procedure 23(a)(4))** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

///

26. **Superiority (Federal Rule of Civil Procedure 23(b)(3))** – This suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct. Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not.  In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgements.  By contract, the class action devise presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

27. Upon information and belief, Defendant's own business records and electronic media can be utilized for the contemplated notices to the class members.  To the extent that any further notices may be required, the Class Plaintiff would contemplate the use of additional media and/or mailings.

28. This action is properly maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil procedure, in that:

    a. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of:

        i. Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

        ii. Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impeded their ability to protect their interests;

b. The parties opposing the Class have acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole; or

c. Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a Class Action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

i. The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

ii. The extent and nature of any litigation concerning controversy already commenced by or against members of the Class;

iii. The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

iv. The difficulties likely to be encountered in the management of a Class Action.

## **VIOLATIONS ALLEGED**

29. Plaintiff alleges the following violations on behalf of the Class, except as otherwise specifically noted.

## **FIRST CAUSE OF ACTION**
## **Breach of Contract**

30. The Class Representative repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporate the same herein by reference.

31. The Deed of Trust specifically defines that a late fee cannot be assessed until after the 15-day grace period expires, and that a payment is deemed received when it is received at the location designated by the lender, not *when* it is posted to the account, however Defendant intentionally and routinely posted payments to Plaintiff and Class members' accounts after the date it was received by Defendant triggering an improper late fee to be assessed and in breach of contract.

32. The Defendant routinely and intentionally breached the contractual terms of the Deed of

Trust, by not applying the payment on the date it arrived at its payment processing center, thus prompting the assessment of late fees that were unwarranted. The Plaintiff and putative class members are damaged by the Defendant's breach when the Defendant routinely charges unearned late fees and artificially places the accounts into default.

33. The Defendant's breach of contract is intentional, willful, wanton and/or reckless.

34. As a direct and proximate result of the acts hereinabove alleged and SLS's on-going unlawful conduct, the Class Representative and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## Breach of Duty of Good Faith and Fair Dealing

35. The Class Representative repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporate the same herein by reference.

36. Implied in every contract is a duty of good faith and fair dealing which prohibits either party from taking such action that denies the other party the benefits of the contract.

37. The Defendant routinely breaches its duty of good faith and fair dealing to the Plaintiff by engaging in the following conduct:

    a. failing to credit timely payments by the Plaintiff; and

    b. charging late fees to the Plaintiff when payments were received on time.

38. The Plaintiff is damaged by the Defendant's breach of its duty and good faith and fair dealing when the Defendant routinely charges unearned late fees and artificially places the accounts into default.

39. The Defendant's breach of its duty of good faith is intentional, willful, wanton and/or reckless.

40. As a direct and proximate result of the acts hereinabove alleged and SLS's on-going unlawful conduct, Plaintiff has been damaged and has suffered economic losses in an amount to be proven at trial.

///

///

## THIRD CAUSE OF ACTION
## Violation of C.F.R. §1024 and 1026

41. The Class Representative repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporate the same herein by reference.

42. 12 C.F.R. § 1024.35(3) requires servicers to remedy errors, including "failure to credit a payment to a borrower's mortgage loan account as of the date of receipt in violation of 12 CFR 1026.36(c)(1)." In failing to credit Plaintiff and the class representatives for payments made on the date received by Defendant, Defendant violated the provisions of the Code of Federal Regulations.

43. Further, Defendant violated 12 C.F.R. § 1024.35(5) by "impos[ing] of a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower."

44. Defendant was required to credit Plaintiff, and those similarly situated, with the payment as of the date of delivery. Regulation Z, 12 C.F.R. §1026.36, provides:

> § 1026.36   Prohibited acts or practices in connection with credit secured by a dwelling.
>
> . . . (c) Servicing practices.  (1) in connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall:
>
> (i) Fail to credit a payment to the consumer's loan account **as of the date of receipt**, except when a delay in crediting does not result in any charge to the consumer or in the reporting of a negative information to a consumer reporting agency, or except as provided in paragraph (c)(2) of this section; …
>
> (2) If a servicer specifies in writing requirements for the consumer to follow in making payments, but accepts a payment that does not conform to the requirements, the servicer shall credit the payment as of 5 days after receipt.
>
> (3) For purposes of this paragraph (c), the terms "servicer" and "servicing" have the same meanings as provided in 12 CFR 1024.2(b), as amended.

45. Defendant's handling of Plaintiff's payment, and those similarly situated, and Defendant's policy and practice pursuant to which Plaintiff's payment was handled, failed to comply with 12 C.F.R. §1026.36 and thus violated the Truth in Lending Act causing damage to Plaintiff and those similarly situated.

///

## FOURTH CAUSE OF ACTION
## Restitution and Unjust Enrichment

46. The Class Representative repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporate the same herein by reference.

47. By paying late fees that were not owed, Plaintiff and the members of the putative class conferred a benefit of illegally collected charges upon Defendant.

48. Defendant accepted the benefits conferred by Plaintiff and the members of the putative class.

49. Defendant's collection, acceptance and retention of these charges, when Defendant was not entitled to the charges as a matter of law, is and was and continues to be unjust and inequitable, and Defendant has not refunded the charges to Plaintiff and the members of the putative class.

50. Defendant should not be permitted to retain the benefits of those illegal charges. The continued withholding of the illegal charges is improper.

51. Plaintiff and the members of the putative class conferred these unjust benefits upon Defendant after and as a result of Defendant's misconduct as set forth herein. As a result, Defendant should be enjoined from continuing to collect fees and penalties in violation of federal law and its contract.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Thomas R. Layton, an individual, prays for judgment against Defendant, on behalf of himself and all others similarly situated as follows:

1. For an order certifying this claim as a class action;

2. For an order preliminarily and permanently enjoining Defendant from charging late fees when the payment arrives on or before the grace period expires;

3. For an order that the Defendant return all improperly assessed late fees to the Plaintiff and members of the class, and to correct all life of loan payment histories for each account.

4. For an award of statutory damages or general damages;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorney's fees, costs and expenses incurred in the investigation, filing

and prosecution of this action to the extent permitted by law;

7. For a reasonable fee for the Class Representative for his services herein; and

8. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Thomas R. Layton hereby demands a jury trial for all claims so triable.

DATED: March 1, 2021

CLARK NEWBERRY LAW FIRM

*/s/ Aimee Clark Newberry*
Aimee Clark Newberry, Esq.
Nevada Bar No. 11084
810 S. Durango Drive, Suite 102
Las Vegas, NV 89145
*Attorney for Plaintiff*

GOMEZ TRIAL ATTORNEYS
Deborah S. Dixon, Esq.
655 W. Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
*(Admitted Pro Hac Vice)*
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March 2021, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to the following individuals, who have consented in writing to accept this Notice as service of this document by electronic means.

Jacob D. Bundick, Esq.     bundickj@gtlaw.com, flintza@gtlaw.com, lvlitdock@gtlaw.com

Michael R Hogue, Esq.     hoguem@gtlaw.com, fernandezc@gtlaw.com, navarrom@gtlaw.com, SFOLitDock@GTLAW.com

                                                    */s/ Kathleen Seckinger*
                                                    Kathleen Seckinger, An Employee of
                                                    Clark Newberry Law Firm