UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Thomas R. Layton, | Case No.: 2:20-cv-01225-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Motion to Strike Class Allegations** |
| Specialized Loan Servicing, LLC, | [ECF No. 31] |
| Defendant | |

Thomas R. Layton brings this putative nationwide class action against his mortgage servicer for manipulating the posting of payments to generate unwarranted late fees and needlessly send their accounts into default.[1]  The servicer moves to strike Layton's class-action allegations, arguing that because Layton will not be able to satisfy the requirements for class certification, an early narrowing of the scope of this case is warranted.  Because the servicer has not shown that this disfavored relief is warranted at this nascent stage of litigation, I deny the motion without prejudice to the ability to reurge these arguments in response to a motion for class certification.

**Background**

Layton took out a mortgage to purchase his home in Nevada.  For years, the loan was serviced by Bank of America, N.A., but around December of 2013, that role was transferred to Specialized Loan Servicing, LLC dba SLS, which is a Delaware company headquartered in Colorado.[2]  And although Layton's original promissory note states that late fees will be assessed only when payment is received after the 15th of the month, SLS began to routinely charge

---

[1] ECF No. 27.

[2] ECF No. 1 at 3, ¶ 17.

Layton late fees on his timely payments.[3] Layton blames SLS's "improper posting protocol": SLS would delay crediting the payment by a day or more to churn these unwarranted late fees.[4]

Layton originally filed this suit in Nevada state court, alleging only state-law contract and tort claims on behalf of similarly situated Nevada consumers.[5] After SLS removed the action to federal court, Layton amended his complaint to add a federal claim under the Truth in Lending Act[6] and expand the putative class to a nationwide one, though he "alternatively brings" the suit on behalf of a Nevada-only class.[7] He theorizes that "there are hundreds of thousands of borrowers in the class."[8]

SLS moves to strike all of Layton's class allegations. It argues that Layton will not be able to satisfy Federal Rule of Civil Procedure (FRCP) 23(b) because proof will be too individualized; Layton's pleading of state-law contract and tort claims will require the analysis and application of the laws of 50 different states; the class definition creates an uncertifiable fail-safe class; and this court lacks jurisdiction to adjudicate the claims of out-of-state class members against this out-of-state defendant because such claims have no connection to Nevada.[9] Layton responds that the class-action procedures eliminate any due-process concerns about non-forum class members, and SLS's Rule 23 arguments are better suited for resolution during class-certification briefing.[10]

---

[3] *Id*. at 3.
[4] *Id*.
[5] ECF No. 1-1.
[6] 12 C.F.R. § 1026.36.
[7] ECF No. 27 at 4.
[8] *Id*.
[9] ECF No. 31.
[10] ECF No. 32.

**Discussion**

FRCP 12(f) gives the district courts discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, and scandalous matter."[11] "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[12] Nevada district courts frequently characterize a Rule 12(f) motion as "an extreme and drastic remedy" that "is heavily disfavored."[13] Motions to strike class allegations at the pleading stage are typically denied unless the complaint demonstrates that a class action cannot be maintained because a motion for class certification is a more appropriate vehicle for testing the suitability of class treatment.[14]

SLS has not shown that it is evident from the first-amended complaint that a class action cannot be maintained, so it is not entitled to an order disposing of the class issues under Rule 12(f). And given the early stage of these proceedings, it is premature to say whether this case is appropriate for class treatment. SLS has not yet answered and, for reasons not clear from the docket, the parties have taken no steps to file a proposed scheduling order and discovery plan.[15] These class issues will be more properly evaluated on a motion for class certification after the parties have had an opportunity to better develop the record.

---

[11] *Whittlestone, Inc. v. Hand-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing Fed. R. Civ. P. 12(f)).

[12] *Id.* (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal quotation marks omitted).

[13] *See Woodburn v. City of Henderson*, 2020 WL 5805503, at *3 n. 43 (D. Nev. Sept. 29, 2020) (collecting cases).

[14] *See, e.g., Carranza v. Terminix Int'l Co. Ltd. P'ship*, 529 F. Supp. 3d 1139, 1143 (S.D. Cal. 2021) (collecting authorities); Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1383, Motion to Strike–Grounds Not Mentioned in Rule 12(f) (3d ed.).

[15] *See* L.R. 26-1(a) (requiring a discovery conference within 30 days of the defendant's first appearance and a stipulated discovery plan and scheduling order 14 days later).

1    SLS's jurisdictional argument comes closer to justifying an early look at class treatment
2 but still falls short.  The amended complaint's allegations about why a nationwide class action
3 may be sustainable are thin.  But SLS doesn't challenge the sufficiency of those allegations; it
4 challenges the certifiability in Nevada of claims against it by non-forum putative class members.
5 The debate centers around the applicability of *Bristol-Myers Squibb Co. v. Superior Court*, in
6 which the Supreme Court held that a state court in a mass-tort action must have personal
7 jurisdiction over the defendant as to each plaintiff.[16]  That opinion concludes by "leav[ing] open"
8 the same question for federal courts.[17]  SLS argues that the *Bristol-Myers* rule should apply to
9 nationwide class actions in federal court and cites the few district-court cases in which the judges
10 have so concluded.[18]  Layton accurately notes that "[t]he weight of authority" has held
11 otherwise.[19]  The Ninth Circuit has not determined whether *Bristol-Myers* extends to federal
12 class actions,[20] but the Sixth Circuit held last year in *Lyngaas v. Ag* that it doesn't, reasoning that
13 "long-standing precedent regarding personal jurisdiction over defendants as to
14 absent class members is well supported."[21]  The Seventh Circuit reached the same result two
15 years ago in *Mussat v. IQVIA, Inc*.[22]  SLS addresses neither of these recent circuit-level cases

---

[16] *Bristol-Myers Squibb Co. v. Superior Court, San Francisco County*, 137 S. Ct. 1773, 1783–84 (2017).

[17] *Id*.

[18] *See* ECF No. 33 at 7.

[19] ECF No. 32 at 10.

[20] *See Moser v. Benefytt, Inc.*, 8 F.4th 872, 874 (9th Cir. 2021) (addressing scope-of-review issues surrounding the question).

[21] *Lyngaas v. Ag,* 992 F.3d 412, 438 (6th Cir. 2021).

[22] *Mussat v. IQVIA, Inc.* 953 F.3d 441, 447 (7th Cir. 2020) (reasoning, "[w]e see no reason why personal jurisdiction should be treated any differently from subject-matter jurisdiction and venue: the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so").

and has not shown that Rule 12(f) is the appropriate vehicle to resolve this unsettled jurisdictional question. So I defer this issue to the class-certification process.

## Conclusion

IT IS THEREFORE ORDERED that the Motion to Strike Class Allegations **[ECF No. 31] is DENIED** without prejudice to SLS's ability to raise the same arguments in response to a motion for class certification.

IT IS FURTHER ORDERED that **the parties must file a proposed scheduling order and discovery plan** by April 15, 2022.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 28, 2022