UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS R. LAYTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware limited liability company d/b/a SLS,<br><br>Defendant. | Case No. 2:20-cv-01225-JAD-EJY<br><br>**ORDER** |

Pending before the Court is the Motion for Leave to Withdraw as Counsel for Plaintiff filed by Stark & Stark, P.C, Peiffer Wolf Carr Kane Conway & Wise, LLP, and Arias Sanguinetti Wang & Team, LLP. ECF No. 98. The Motion was filed on May 13, 2024. Plaintiff did not respond to the Motion. Counsel states "[t]here has been an irreparable breakdown in the attorney-client relationship between" counsel and Plaintiff as "Plaintiff terminated all communication with Class Counsel on April 17, 2024." *Id*. at 3. This is the second time Plaintiff's counsel has withdrawn from representation in this case. *See* ECF No. 85 at 11.

No motions are pending and no trial is set in this matter. The last Order pertaining to discovery was entered on April 17, 2024. ECF No. 97. Further, the Court's review of the docket and status of this case confirms no prejudice will arise from granting the Motion to Withdraw. Plaintiff's choice to cease communicating with Counsel establishes good cause for the withdrawal sought.

Accordingly, IT IS HEREBY ORDERED that the Motion for Leave to Withdraw as Counsel (ECF No. 98) is GRANTED.

IT IS FURTHER ORDERED that discovery is stayed through and including **June 21, 2024** to allow Plaintiff time to retain new counsel. If new counsel for Plaintiff has not made an appearance by or before that date, counsel for Defendant must attempt to reach Plaintiff directly to determine how Plaintiff envisions proceeding with this case. Such attempt must be made no later than **June 27, 2024** and **must** be by email (if an email address is available) and U.S. Mail.

IT IS FURTHER ORDERED that whether or not Plaintiff responds to Defendant's attempts to reach him, a status report regarding this matter **must** be filed no later than **July 8, 2024**. If Defendant is not able to contact Plaintiff by or before that date, Defendant **must** prepare a unilateral scheduling order that includes, to the extent desired, a date, time, and place to take Plaintiff's deposition and a due date for dispositive motion practice.

IT IS FURTHER ORDERED that if Plaintiff's deposition is sought, Defendant **must** serve the Notice of Deposition on Plaintiff by mail. Defendant **must** also serve a copy of the status report on Plaintiff by mail. Plaintiff is warned that failure to attend his deposition may ultimately result in sanctions up to and including the striking of his Complaint.

Dated this 23rd day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE