UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Thomas R. Layton,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Specialized Loan Servicing, LLC,<br><br>　　　　　Defendant | Case No.: 2:20-cv-01225-CDS-EJY<br><br>**Order Granting Defendant's Motion to Strike, and Denying Defendant's Motion for an Order to Show Cause**<br><br>[ECF Nos. 122, 124, 125] |

　　　　Pending before the court is a stipulation for extension of time to file a stipulated dismissal that was filed on October 11, 2024. ECF No. 122. The day before the stipulation was filed, defendant Specialized Loan Servicing, LLC ("SLS") filed a status report. ECF No. 121. Therein, SLS summarizes its attempts to finalize the settlement agreement within the court-ordered deadline of October 10, 2024. *See generally id.* According to SLS, although the parties have reached an agreement, plaintiff Thomas Layton has not signed the settlement agreement, and has not stated whether he ever intends to do so. *Id.* at 2. SLS also advised that it learned for the first time on October 10, 2024, that Layton was working with an attorney who has not made an appearance in this action. *Id.* SLS, concerned about not violating the Nevada Rules of Professional Conduct (NRPC), asked Layton to identify his attorney. *Id.* Layton advised that he was merely "consulting with counsel," and declined to disclose the attorney's identity. *Id.* SLS now asks that the court to either (1) set a status hearing regarding settlement or (2) compel Layton to disclose the identity of his "consulting" attorney so it can ensure compliance with its ethical obligations. *Id.* at 3.

　　　　On October 11, 2024, Layton filed his own status report. ECF No. 123. Therein, Layton provided additional information regarding the parties' exchanges about the settlement agreement over the past two months. *See generally id.* Layton also expressed dismay with SLS's

October 10, 2024, status report, claiming that the report disparages him, and that the actions of SLS's attorney are "unconscionable and contrary to the Code of Professional Conduct for an attorney" *Id.* at 3. Having reviewed SLS's status report, I disagree. NRCP 4.2 prohibits a lawyer from communicating with a person they know to be represented by another attorney, without consent of the other lawyer or authorization to do so by law or a court order. Nev. R. Prof. Cond. 4.2. Once Layton advised SLS that he had an attorney, SLS was obligated to communicate with Layton's counsel. There is nothing unprofessional about that communication or request. Further, the court disagrees that Layton was disparaged therein.

When Layton filed his status report, he also filed a joint stipulation for an extension of time. ECF No. 122. The docket reflects that the stipulation was filed by SLS, but SLS filed a motion to strike the stipulation because Layton—not SLS—filed the stipulation. *See* ECF No. 124. Although that stipulation contains SLS's e-signature, Layton did not have permission to file it given the questions surrounding Layton's pro se status, and his refusal to sign the settlement paperwork or indicate whether he would sign the paperwork. Because the status of the settlement, as well as Layton's pro se status, is now in question, together with the fact that Layton filed the stipulation without SLS's approval, the court grants SLS's motion to strike the October 11, 2024, stipulation. Layton is both admonished and cautioned that filing documents without the consent of the opposing party is unacceptable, may constitute a fraud upon the court, and if done again, may result in the issuance of sanctions.

SLS also seeks a show-cause order against Layton under Federal Rule of Civil Procedure 11 for filing the October 11, 2024, stipulation without their permission and for making misrepresentations to the court regarding the status of the settlement. ECF No. 125. The court denies the motion without prejudice. This order cautions and admonishes Layton about the conduct that gives rise to SLS's show cause motion. I therefore find sanctions are not warranted at this time.

Because Layton's pro se status is now in question, he is ordered to notify the court of his intent to continue to represent himself or if he has retained counsel. If Layton is represented, his attorney must file a notice of appearance no later than October 22, 2024. Failure to comply by that date may result in the imposition of sanctions.

Finally, because the status of the settlement is unclear, the parties are ordered to appear before Magistrate Judge Elayna J. Youchah for a status conference. Judge Youchah will issue a separate order setting the date, time, and location of the hearing.

## Conclusion

IT IS THEREFORE ORDERED that SLS's motion to strike **[ECF No. 124] is GRANTED**. The stipulation filed at **ECF No. 122 is STRICKEN**.

IT IS FURTHER ORDERED that SLS's motion for an order to show cause **[ECF No. 125] is DENIED without prejudice**.

IT IS FURTHER ORDERED that the parties must appear for a status conference before Judge Youchah.

Dated: October 16, 2024

_____
Cristina D. Silva
United States District Judge