UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Thomas R. Layton,<br><br>        Plaintiff<br><br>v.<br><br>Specialized Loan Servicing, LLC,<br><br>        Defendant | Case No. 2:20-cv-01225-CDS-EJY<br><br>**Order Granting Plaintiff's<br>Motion to Dismiss**<br><br>[ECF No. 134] |

Plaintiff Thomas R. Layton brings this putative nationwide class action against defendant Specialized Loan Servicing, LLC ("SLS"), his mortgage servicer, for manipulating the posting of payments to generate unwarranted late fees and needlessly send their accounts into default. Compl., ECF No. 1-1. SLS answered on April 25, 2022. ECF No. 45. In August 2024, SLS filed a notice indicating that the parties had reached a settlement in principle of all claims. ECF No. 118. Layton now gives notice, by way of motion to dismiss, that this action is voluntarily dismissed with prejudice. ECF No. 134.

I.        **Legal standard**

Under Federal Rule of Civil Procedure 41, an action may be voluntarily dismissed by the plaintiff without a court order if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion. Fed. R. Civ. P. 41(a)(1)(A)(i). Once a defendant has responded to the complaint, the action may only be dismissed by stipulation signed by all parties who have appeared or by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(1), (2). Absent a stipulation of the parties, Layton's motion for voluntary dismissal may only be granted "by court order, on terms that the court considers proper." *Id.* at (a)(2). Generally, courts "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263

F.3d 972, 975 (9th Cir. 2001) (citations omitted). The Ninth Circuit defined "legal prejudice" as "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

## II. Discussion

Layton requests dismissal with prejudice after SLS filed an answer. Mot., ECF No. 134; *see* Answer, ECF No. 45. Although SLS did not file a response to the motion, it indicated during a status conference before Magistrate Judge Elayna J. Youchah on December 9, 2024, that settlement documents were finalized, and settlement is complete. ECF No. 135. Thus, there is no indication that SLS will suffer prejudice to legal interest, claim, or argument as a result of dismissal as this matter has been fully resolved. ECF No. 133; ECF No. 135. Moreover, if this matter is dismissed with prejudice—such that the claims cannot be reasserted—it is less likely that SLS will suffer any legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice …."). Given the posture of this case, I cannot identify any specific legal prejudice SLS would suffer from voluntary dismissal. Nor, in stating their position, has SLS articulated any prejudice, legal or otherwise, that would befall it should the court grant Layton's request. Thus, dismissal with prejudice is appropriate.

## III. Conclusion

A motion for voluntary dismissal under Rule 41(a)(2) is left to the sound discretion of the district court. *Hamilton v. Firestone Tire & Rubber Co. Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). Therefore, Layton's motion to voluntarily dismiss **[ECF No. 134] is GRANTED**. This action is dismissed with prejudice, and the Clerk of Court is kindly instructed to close this case.

Dated: December 9, 2024

_____
Cristina D. Silva
United States District Judge